# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**RAMON GOMEZ,**

        Defendant/Movant,

**v.**                                                                         **No: 2:19-cr-02751-RB-1**

**UNITED STATES OF AMERICA,**

        Plaintiff/Respondent.

## MEMORANDUM OPINION AND ORDER

Defendant Ramon Gomez was charged with possession with intent to distribute methamphetamine after a confidential informant provided law enforcement with the necessary information in an affidavit for a warrant to search his home. Gomez now moves the Court to disclose the identity of the confidential informant so that he can defend against the warrant. (Doc. 20.) Given that the informant was not engaged in the specific criminal activity charged and only acted as a "tipster," the Court will deny the motion to disclose.

## I.  Background

On April 17, 2019, Gomez was charged with possession with intent to distribute more than 50 grams of methamphetamine.[1] (*Id.* at 1.) Having received a search warrant through state court, the police found methamphetamine "concealed in a fake bleach bottle in the laundry area of the home." (*Id.* at 2.) The warrant affidavit alleged that "one or more confidential informants arranged to meet with Mr. Gomez at his residence for the purpose of purchasing methamphetamine." (*Id.*) But the affidavit does not contend that the informant actually met with Gomez; it does not specify

---

[1] In the first paragraph of the Background section, the Court takes facts from Defendant Gomez's Motion to Disclose. (Doc. 20.) The facts in the second paragraph, describing the controlled purchases, comes from the Government's Response. (Doc. 23.)

how many people were in the home; nor does it describe the amount of drugs present. (*Id.*) The informant's information was based on the ability to purchase drugs from Gomez in two controlled purchases—though Gomez argues that these past transactions never occurred. (*Id.* at 2–3.) Gomez suggests that without the identity of the informant, he cannot adequately defend against the warrant. (*Id.* at 3.)

The government states that "[b]etween April 8, 2019 and April 17, 2019 . . . [n]arcotics agents utilized a [confidential informant] to engage in two controlled purchases of methamphetamine from the Defendant . . . ." (Doc. 23 at 2.) The informant utilized government funds to purchase a personal amount of methamphetamine. (*Id.* at 3.) The controlled purchases were not recorded, but the agents participated in the transaction and watched the informant enter and exit the premises. (*Id.*) As a result, the agents received a warrant to search the home, which resulted in Gomez's arrest. (*Id.*)

## II. Legal Standards

The government has the "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957) (citations omitted). Yet the court may require disclosure where the "informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused . . . ." *Id.* at 60–61 (footnote omitted).

The Tenth Circuit employs three categories to organize informant cases. First, disclosure is not required when the informant "is a mere tipster . . . ." *United States v. Moralez*, 908 F.2d 565, 568 (10th Cir. 1990) (citation omitted). Next, there are cases "where there is a slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its informant." *Id.* (citation omitted). Finally, when the informant plays "a crucial role

in the alleged criminal transaction, and disclosure and production of the informant are required to ensure a fair trial," then the court should compel disclosure. *Id.* (citation omitted).

Determining whether to reveal the identity of the informant "involves balancing the public interest in protecting the flow of information in a manner necessary for effective law enforcement against an individual's right to prepare his defense." *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997) (citation omitted). Specifically, the court "must consider the particular circumstances of the case, including the crime charged, the possible defenses, and the significance of the informer's testimony." *Id.* (citation omitted). When an informant has "nothing relevant to say regarding Defendant's guilt of the charged offense, there [is] no need to question him." *United States v. Long*, 774 F.3d 653, 663 (10th Cir. 2014). Further, "disclosure is not required if the defendant does not make the 'substantial preliminary showing' required by *Franks*." *Id.* at 661 (quoting *Franks v. Delaware*, 438 U.S. 154, 155 (1978)). This requires that Defendant show beyond mere speculation that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . ." *United States v. Williams*, 576 F.3d 1149, 1161 (10th Cir. 2009) (quotation omitted).

**III.   Analysis**

Gomez argues that "[i]n order to challenge the validity of the search warrant, and to adequately prepare for trial, it is critical for Mr. Gomez to challenge the government's allegations against him." (Doc. 20 at 3.) Here, Gomez states that his "right to prepare his defense outweighs the government's interest in keeping the informant's identity confidential." (*Id.* at 6.) Given the severity of the crime—with a minimum mandatory sentence of 10 years—Gomez should have the "right to challenge the allegations against him, but [he] cannot do so if the identity of the informant is not disclosed." (*Id.* at 7.) Gomez further argues that "to prove that the transactions did not happen

3

as asserted, the defense needs to be able to find out the dates, times[,] and specifics of the transactions, as well as to determine who else was present during the alleged transactions." (*Id.* at 10.)

Yet the Government posits that disclosing the identity of the informant "could seriously jeopardize the safety of the [informant], given that Defendant has prior convictions for felony and misdemeanor domestic violence crimes, and possessed a white ballistic vest with a trauma plate and a black handgun that was later determined to be a pellet gun . . . ." (Doc. 23 at 4.) Moreover, the agents are still using the informant in a separate investigation. (*Id.*) And finally, the controlled purchases "merely served as part of the basis for securing a search warrant for Defendant's residence." (*Id.* at 9.)

### a. The confidential informant is more like a "tipster" than a participant in the crime.

The Court must first determine which of the three case categories applies to Gomez. If the informant plays a substantial role in the criminal activity, then the defendant can compel the Court to reveal the individual's identity. For instance, in *Rovario* the informant was "the sole participant, other than the accused, in the transaction charged." 353 U.S. at 64. This confidential individual was "in a position to amplify or contradict the testimony of government witnesses." *Id.* In *United States v. Martinez,* the court found that because an "informer introduced the undercover agent to the accused's codefendant and was present when the sale was consummated, then the testimony of the informer is relevant . . . ." 487 F.2d 973, 976 (10th Cir. 1973) (citations omitted). And in *United States v. Moralez*, the informant likely "witnessed at least the preparations of the crime." 908 F.2d 565, 568 (10th Cir. 1990). Conversely, in *United States v. Holmes* the informant acted more like a "tipster" in "identif[ying] the residence" where the criminal activity took place and assisting the police with surveillance. 311 F. App'x 156, 158 (10th Cir. 2009).

Gomez especially relies on *Martinez* and *Moralez* to argue in favor of revealing the informant's identity (Doc. 20 at 8–9), but this reliance is misplaced. In *Martinez*, the informant introduced the participants in the drug transaction to each other and was present when the defendant was arrested. 487 F.2d at 976. In *Moralez*, multiple defendants were arrested, and because of the detailed information provided to police officers, the informant was needed to differentiate levels of participation. 908 F.2d at 568–69. Yet in the present case, the informant shared information with police about an individual selling drugs and proceeded with two controlled purchases to demonstrate the veracity of this claim. The controlled purchases led to the warrant, and the police searched Gomez's home, which revealed over 50 grams of methamphetamine. The informant, however, played no role in this subsequent search. And further, Gomez is charged with drug possession unrelated to the controlled purchase transactions. As a result, the informant's role here is more akin to that of a "tipster" than a participant.

Gomez's desire to contest the validity of the search warrant cannot move forward without a "substantial preliminary showing" that the search warrant included "a false statement knowingly and intentionally, or with reckless disregard to the truth . . . ." *Williams*, 576 F.3d at 1160 (quotation omitted). The court in *United States v. Cruz* addressed similar circumstances but held that "[w]hen a search warrant affidavit is sufficient on its face . . . there is generally no need 'to reveal the identities of the individuals providing information to the police; hearsay from unknown or unnamed individuals has been recognized as acceptable support for a finding of probable cause." No. CR 10-1178 LH, 2010 WL 11619166, at *4 (D.N.M. Sept. 15, 2010) (quoting *United States v. Mathis*, 357 F.3d 1200, 1205 (10th Cir. 2004)). The court went on to hold that "affidavits which attack the informant's reliability and the correctness of the informant's statements do not meet the substantial preliminary showing of falsity required by *Franks*. As long as the affidavit reflected

what the affiant believed to be true, the warrant was properly issued." *Id.* (footnote omitted). On appeal, the Tenth Circuit affirmed the court's holding, finding—as in the present case—that the "controlled buy was not the basis of the indictment . . . . [and that] the informant's testimony would likely only have inculpated and in any event is really secondary to the *fact* of purchase." *United States v. Cruz*, 680 F.3d 1261, 1263 (10th Cir. 2012).

Here, Gomez offers no such evidence, save for the speculative argument that he did not sell methamphetamine prior to the search of his home. *See Bernard v. Ray*, 246 F. App'x 553, 556 (10th Cir. 2007) (showing the deference given to law enforcement's use of a confidential informant's contributions in a search warrant). Yet the warrant included information about two controlled purchases, with an agent watching the transactions from outside Gomez's house. (Doc. 20-1 at 7–8.) Therefore, the informant in this case acted more like a "tipster" than an active participant in the criminal activity, and without a showing that the warrant contained inaccurate information, the Court will not compel the identity of the informant.

**b. Even if the Court believed that the confidential informant was intimately involved in the criminal activity, law enforcement has a compelling need to protect the identity of the informant.**

The second category of cases admits that revealing the identity of a confidential informant could perhaps offer novel information to the defense, but the government demonstrates a compelling need to keep the informant's identity a secret. While several Tenth Circuit cases acknowledge the potential for such factual circumstances, none elaborates on this category of cases. *See, e.g.*, *United States v. Wilson*, 96 F.3d 1454, at *5 (10th Cir. 1996); *Moralez*, 908 F.2d at 568. Rather, this line of cases is drawn from a Fifth Circuit decision. *See United States v. Toombs*, 497 F.2d 88 (5th Cir. 1974). In *Toombs*, the court held that because the informant had been previously shot, the "anonymity of the informant for his personal safety is greater than the

theoretical necessity possibly underlying refusals to disclose." *Id.* at 94. Additionally, the informant assisted law enforcement in an earlier criminal matter, and "[d]isclosure of his identity would . . . destroy any future usefulness." *Id.*

Here, the government contends that disclosing the informant's identity would subject the individual to potential retaliation, and the informant is in the process of assisting law enforcement in another criminal investigation. (Doc. 23 at 13.) Gomez has a "violent criminal history," and police found body armor in his home. (*Id.*) These factors suggest a significant risk of retaliation in the event of disclosure. Further, police "are still using the [informant] in a current narcotics trafficking investigation, and revealing the [informant's] identity would materially compromise that investigation." (*Id.* at 4.) In *Toombs*, the Fifth Circuit protected the informant's identity on the speculative chance that he might be of future use. In the present case, the informant's "future usefulness" is not speculative; the individual is *currently* assisting police in another matter. For these reasons, even if the informant could provide some additional information on behalf of the defense, the government has demonstrated compelling reasons for keeping the informant's identity confidential.

**THEREFORE**,

**IT IS ORDERED** that Defendant/Movant Gomez's Motion to Disclose Confidential Informant (Doc. 20) is **DENIED**.

_____  
**ROBERT C. BRACK**  
**SENIOR U.S. DISTRICT JUDGE**