IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                    No. CR 19-2751 RB

RAMON GOMEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Gomez's Pro Se Motion for a Reduction in Sentence, filed on December 17, 2021. (Doc. 42.) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DENIED**.

**I. Background**

On January 30, 2020, Gomez pled guilty to an Information charging possession with intent to distribute 5 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (*See* Doc. 30.) On November 4, 2020, the Court sentenced Gomez to 87 months imprisonment. (Docs. 33; 40–41.)

Gomez's anticipated release date is June 20, 2025. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited July 21, 2022). He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (*See* Doc. 47.)

**II. Discussion**

Gomez seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued

1

by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Gomez filed a request seeking compassionate release with the warden of FCI La Tuna, which the warden denied. (*See* Docs. 42-1 at 1; 48 at 5.) The Government concedes that he has exhausted his administrative remedies. (*See* Doc. 48 at 5.)

Gomez asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. He argues that his medical conditions—obesity, hepatitis C, elevated blood pressure, osteoarthritis, and diabetes—put him at risk for severe illness from COVID-19. (Doc. 42 at 3.) The Government contends that because he is vaccinated, he is not eligible for compassionate release. (*See* Doc. 48 at 11–14.)

The Court finds that Ruiz has not presented extraordinary and compelling circumstances for a sentence reduction. At FCI La Tuna, where Ruiz is housed, there are currently no inmates who are positive with COVID. See COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 21, 2022). Moreover, Gomez presents no evidence to show that his health is not being well-managed. (*See* Docs. 48-1–4.) Further, it appears that Gomez has had a confirmed case of COVID-19 and has not submitted any evidence that he suffered significant adverse or long-term effects. (*See* Doc. 48-1 at 43.) Thus, the Court finds that any risk to Gomez from COVID-19 is minimal at this time.

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

Here, Gomez was convicted of a drug trafficking crime. (*See* Doc. 30.) He has a criminal history dating back to 1997, including commercial/automobile burglary and conspiracy to commit a felony; forgery and falsely obtaining services; several convictions involving battery on a household member and false imprisonment; DUI; two convictions involving contempt of court; and possession-related convictions, resulting in a criminal history category of III. (Doc. 48 at 2–3 (citing PSR ¶¶ 30–36).) The Court finds that any reduction in sentence would not reflect the seriousness of Gomez's crime in light of his criminal history.

**THEREFORE,**

**IT IS ORDERED** that Gomez's Pro Se Motion for a Reduction in Sentence (Doc. 42) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE